a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAMAINE M. BEADLES, Petitioner | CIVIL ACTION NO. 1:18-CV-318-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a motion for preliminary injunction (Doc. 5) filed by pro se Petitioner Tramaine Beadles ("Beadles") (#15213-031). Beadles is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Beadles seeks an injunction ordering the BOP not to retaliate against him for challenging a disciplinary conviction.

Beadles is not entitled to injunctive relief, and his motion should be denied.

I. Background

Beadles filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging a disciplinary conviction. The petition is under initial review. Beadles seeks an injunction ordering the BOP, and its officers and agents, not to retaliate against him for challenging the disciplinary conviction. (Doc. 5).

II. Law and Analysis

The prerequisites for a preliminary injunction are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted;

(3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and, (4) the granting of the preliminary injunction will not disserve the public interest. See Libertarian Party of Texas v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984). Preliminary injunctive relief is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. See United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983).

The injunctive relief sought by Beadles is that the BOP be ordered not to retaliate against him—in effect, that the BOP be ordered to obey the law. The Fifth Circuit has held that a general injunction that orders a defendant to obey the law is not permitted. See Securities & Exchange Commission v. Life Partners, Inc., 854 F.3d 765, 784 (5th Cir. 2017) (citing Meyer v. Brown & Root Constr. Co., 661 F.2d 369, 373 (5th Cir. 1981)).

Beadles has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him. The injury in question must be imminent and cannot be speculative. Chacon v. Granata, 515 F.3d 922, 925 (5th Cir. 1975). Additionally, Beadles cannot show that there is a substantial likelihood that his cause will succeed on the merits.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Beadles's motion for preliminary injunction (Doc. 5) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of

this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __30th__ day of April, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge