a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAMAINE M. BEADLES, Petitioner | CIVIL ACTION NO. 1:18-CV-318-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Tramaine Beadles ("Beadles") (#15213-031). Beadles is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Beadles challenges a disciplinary conviction.

Because Beadles cannot show that he was denied due process, and there is some evidence of his guilt, the petition should be dismissed.

I. Background

According to an incident report, staff at the Federal Correctional Institution in El Reno, Oklahoma, "confiscated from inmate Beadles" a strip of paper that appeared to be cut from a birthday card. (Doc. 1-2, p. 8). Half of the strip was tested "utilizing the NIK Test Kit A which resulted in light orange color turning brown." (Doc. 1-2, p. 8). NIK Test Kit U was then used to test the other half of the strip of paper, "which resulted in a purple color yielding a positive result for Amphetamine." The confiscated item was destroyed during testing. (Doc. 1-2, p. 8).

A disciplinary hearing was conducted, at which Beadles waived his right to a staff representative and waived his right to call witnesses. (Doc. 1-2, p. 10). Beadles gave the following statement at the hearing: "I just made a mistake." (Doc. 1-2, p. 11). Beadles presented no exculpatory evidence. (Doc. 1-2, p. 11). Beadles was convicted and sanctioned to the loss of 40 days good conduct time, 30 days disciplinary segregation, and the loss of commissary and visiting privileges for six months. (Doc. 1-2, p. 11). Beadles appealed the conviction, but the appeal was denied. (Doc. 1-2, p. 2).

In his petition, Beadles challenges the evidence used to convict him. Specifically, Beadles alleges that the substance was found in an outside recreation restroom; he was never shown the substance or the test results; the test was conducted out of Beadles's presence; staff neglected to use kit identification numbers; and no third-party or confirmation testing was conducted. (Doc. 1, p. 7).

II. <u>Law and Analysis</u>

A federal prisoner has a liberty interest in his accumulated good time credits. <u>Henson v. U.S. Bureau of Prisons</u>, 213 F.3d 897, 898 (5th Cir. 2000). Thus, the "revocation of such credit must comply with minimal procedural requirements." <u>Id.</u> However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant in such proceedings does not apply." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). The due process that an inmate must receive in a disciplinary hearing is: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the

evidence relied on and the reasons for the disciplinary action taken; (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case; and (4) some assistance in the collection and presentation of evidence if the inmate is illiterate or the case appears complex. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000); Walker v. Navarro County Jail, 4 F.3d 410, 412 (5th Cir. 1993); Wolf v. McDonnell, 418 U.S. 539, 563-66 (1974).

Additionally, there must be "some evidence" that supports the disciplinary decision. Id. A court's determination of whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. See Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001).

Beadles does not claim that he was deprived of any of the requirements of Wolff. Beadles declined a staff representative and declined the opportunity to call witnesses. (Doc. 1-2, p. 10). Beadles presented no exculpatory evidence at the disciplinary hearing, and he made the statement that he "just made a mistake." (Doc. 1-2, p. 11). Beadles does not allege that he requested the evidence be retested at the disciplinary hearing, or that he challenged the results of the test. Even if Beadles

3

had requested a retest, he would not have been entitled to it. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000) (plaintiff was not allowed to retest pipe residue with respect to disciplinary hearing) (citing Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985)); Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (prison could deny a prisoner's request for a follow up drug test, as "accommodating the inmate's asserted right would create a ripple effect among other prisoners, and impose a significant administrative burden on prison officials"); Spence v. Farrier, 807 F.2d 753, 755-57 (8th Cir. 1986) (rejecting a challenge to the use of drug tests without confirmatory retesting); Bolanas v. Coughlin, 91-cv-5330, 1993 WL 762112, at *21 (S.D.N.Y. Oct. 15, 1993) (prisoner's due process rights in prison disciplinary proceeding were not violated because "[i]t was not improper to rely on only one test of the white powder. The test used was reliable, and it was not necessary to send it outside the facility to be tested, as plaintiff requested.").

Beadles does not present non-conclusory allegations regarding the unreliability of the drug test. Beadles did not contest the accuracy of the drug test at the disciplinary hearing, or ask to present any evidence. There is some evidence of Beadles's guilt, including the officer's statement, the drug test, and Beadles's statement that he "just made a mistake." (Doc. 1-2, pp. 10-11).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Beadles's petition be DENIED and DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __29th__ day of May, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge